UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-09-479-B-W |
| | ) | |
| LAWRENCE P. STROHMEYER, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

On September 29, 2009, the United States filed a Complaint against Lawrence P. Strohmeyer, D.O., alleging that Dr. Strohmeyer has defaulted on a Heal Education Assistance Loan (HEAL) from the United States Department of Health and Human Services (USHHS) as assignee. *Compl.* (Docket # 1).[1] The United States asserted that as of September 21, 2009, under the terms of the promissory note, Dr. Strohmeyer owed $108,760.45 with interest accruing at a rate of 3.250%. *Id.* On December 2, 2009, Dr. Strohmeyer, acting *pro se*, filed an Answer, denying the essential elements of the Complaint. *Answer* (Docket # 5). On January 28, 2010, the United States moved for summary judgment. *Pl.'s Mot. for Summ. J.* (Docket # 7). Dr. Strohmeyer failed to respond within the twenty-one day period under Local Rule. D. Me. Loc. R. 7(b).

When a party has failed to oppose a motion for summary judgment, the court accepts as true "all [the moving party's] uncontested facts." *Fontanez-Nunez v. Janssen Ortho LLC*, 447 F.3d 50, 52-53 (1st Cir. 2006); *Robinson v. Wright*, 460 F. Supp. 2d 178, 182 (D. Me. 2006); D. Me. Loc. R. 56(f) (providing that the "[f]acts contained in a supporting . . . statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless

---

[1] The United States asserted federal jurisdiction under 28 U.S.C. § 1345.

properly controverted"). The failure of the non-moving party to respond does not automatically entitle the movant to summary judgment, since Rule 56(e) stipulates that the Court may enter summary judgment "if appropriate" when the opposing party fails to respond. Fed. R. Civ. P. 56(e)(2). In these circumstances, the Court must "inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." *Cordero-Soto v. Island Fin., Inc.*, 418 F.3d 114, 118 (1st Cir. 2005).

Here, the United States sets forth the following in its Statement of Material Facts: 1) that Lawrence P. Stohmeyer, D.O. executed a promissory note on October 13, 1994 "to secure a [HEAL] Consolidation in the amount of $71,760.96 through the Pennsylvania Higher Education Assistance Agency"; 2) that "on or about August 11, 2003, the Pennsylvania Higher Education Assistance Agency filed an insurance claim with the [USHHS], and the note was assigned to the [USHHS]"; 3) that as of September 21, 2009, Dr. Strohmeyer was "indebted to [USHHS] in the principal amount of $108,144.27, interest in the amount of $616.18, for a total amount due of $108,760.45," with interest accruing at a rate of 3.250%; 4) that "[p]rior to the assignment of the note, the lender credited a total of $9,737.18 toward the debt"; 5) that demand has been made upon Dr. Strohmeyer for the sum due, "but the amount due remains unpaid"; and 6) that Dr. Strohmeyer is "not asserting that he is in the military service of the United States or that he is an infant or a mentally incompetent person." *Pl.'s Statement of Undisputed Material Fact* (Docket # 8).

In addition, the United States attached to its Complaint the promissory note in question executed by Dr. Strohmeyer and a Certificate of Indebtedness signed under penalty of perjury by Barry M. Blum, Chief, Referral Control Section, Debt Management Branch of the USDHHS.

*Compl.* Attach. A, B.  In his Answer, Dr. Strohmeyer admitted the allegation concerning the promissory note, including its reference to Exhibit A, the note itself.  *Answer* ¶ 3.

To make out a prima facie case to enforce the terms of a promissory note, the United States may meet its burden "if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst."  *United States v. Emanuel*, Civil No. 9-cv-185-SM, 2009 U.S. Dist. LEXIS 116217, at *4 (D.N.H. Dec. 10, 2009) (quoting *Guillermety v. United States Dep't of Educ.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003)).  Once the United States has met its burden, the defendant has the burden of "proving the nonexistence, extinguishment or variance in payment of the obligation."  *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009).

Although Dr. Strohmeyer has not responded to the motion for summary judgment, his Answer hints at what his defenses might be.  He asserts that the "statute of limitations has run out."  *Answer* ¶ 7.  However, as the Government points out, Congress has eliminated any statute of limitations defense.  42 U.S.C. § 292f(i) (stating that "[n]otwithstanding any other provision of Federal or State law, there shall be no limitation on the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action may be initiated or taken").  As Dr. Strohmeyer executed the promissory note after Congress enacted § 292f(i), the statutory elimination of a statute of limitations defense applies to him.

Dr. Strohmeyer also claims that the debt has been "discharged by a bankruptcy."  *Answer* ¶ 7.  The law places significant limitations on when a debtor may be discharged from an obligation under the HEAL program, including time limitations, the need for an express finding by the Bankruptcy Court that nondischarge would be unconscionable, and a waiver by the

Secretary. 42 U.S.C. § 292f(g);[2] *Woody v. United States Dep't of Justice (In re Larry Lee Woody)*, 494 F.3d 939, 948-49 (10th Cir. 2007) (describing factors a Bankruptcy Court must consider before finding nondischarge of the debt would be unconscionable). Even though the Government concedes that Dr. Strohmeyer received a general bankruptcy discharge on April 27, 2004, Dr. Strohmeyer failed to produce evidence that he meets the statutory criteria for discharge of the HEAL program loan under § 292f(g). *United States Dep't of Health & Human Services v. Smitley*, 347 F.3d 109, 116 (4th Cir. 2003) (quoting *In re Rice*, 78 F.3d 1144, 1148 (6th Cir. 1996)) (stating that there is "little doubt that in using ("unconscionable"), [Congress] intended to severely restrict the circumstances under which a HEAL loan could be discharged in bankruptcy").

In sum, in its motion and supporting documentation, the United States has established sufficient facts to entitle it to summary judgment, Dr. Strohmeyer has failed to answer the motion for summary judgment, and the defenses posited in his Answer are either unavailable as a matter of law or unproven as matter of fact.

The Court GRANTS the United States of America's motion for summary judgment (Docket # 7). The Court ORDERS judgment to enter in favor of the United States of America and against Lawrence P. Strohmeyer, D.O. in the principal amount as of September 21, 2009 of $108,760.45 with interest accruing from that date at a rate of 3.250%.

---

[2] 42 U.S.C. § 292f(g) states:

Conditions for discharge of debt in bankruptcy
Notwithstanding any other provision of Federal or State law, a debt that is a loan insured under the authority of this subpart [42 U.S.C. §§ 292 et seq.] may be released by a discharge in bankruptcy under any chapter of title 11, United States Code, only if such discharge is granted - -
(1) after the expiration of the seven-year period beginning on the first date when repayment of such loan is required, exclusive of any period after such date in which the obligation to pay installments on the loan is suspended;
(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and
(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) to the borrower and the discharged debt.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2010